NEHRBASS, Judge.
This is a suit to recover damages for personal injuries arising out of an accident which occurred during construction of a road near Baldwin, St. Mary Parish, Louisiana. On October 3, 1968, plaintiff, an employee of J. B. Talley and Company, Inc., the road construction contractor, fell under the wheels of a bulk cement truck which was owned and operated by Asphalt Transport, Inc. (ATI). As a result, plaintiff received multiple injuries to his lower left extremity and particularly to his left foot.
Named as defendants were Asphalt Transport, Inc., the owner of the cement truck, Huey A. Ardoin, employee of ATI and driver of the cement truck, and Transit Casualty Insurance Company, the insurer of ATI. J. B. Talley and Company, Inc. was impleaded as a third party defendant, but on motion of counsel for ATI was dismissed from this suit subsequent to trial on the merits and prior to rendition of judgment by the trial court.
The trial court rendered judgment in favor of the defendants, dismissing plaintiff’s suit at plaintiff’s cost. Plaintiff has appealed on the ground that the trial court erred in finding no negligence in the defendants and finding that plaintiff’s own negligence was the cause of his injury.
For the reasons assigned we affirm the trial court’s decision.
In October, 1968, plaintiff’s employer, J. B. Talley and Company, Inc., was in the process of constructing a road near Baldwin in St. Mary Parish, Louisiana. At the time of plaintiff’s injury the road bed was being stabilized by spreading dry, powered cement upon the road bed and by mixing the cement into the soil. The cement was being spread upon the road bed by pneumatically operated bulk tank trucks supplied and operated by defendant, ATI.
The tank trucks supplied by ATI had several storage bins or “hoppers” manifold together at their base, with a common outlet at a valve situated at the rear of the truck, near the ground, and immediately before or between the tandem wheels of the trailer. To this valve outlet was connected a rubber hose and the hose was in turn connected to a cement “spreader bar” which was attached to the rear of the truck. The cement spreader bar is a manifold with numerous nozzle outlets directed towards the ground which is used to facilitate the even spread of powered cement to the road surface. Pneumatic pressure is applied to the storage tank and the dry cement flows through the rubber hose into *377 the spreader bar nozzles and is blown onto the road surface.
The rubber hoses being utilized at the time of plaintiff’s injury were of such a length that they would drag on the ground at the side of the cement truck. To prevent the hose from kinking and to prevent it from getting under the wheels of the truck, it was necessary to attach a length of rope to the hose and'to have one or more employees walk beside the truck holding the rope while pulling the hose outward and away from the wheels of the truck. Plaintiff and two other employees were so engaged at the time of his injury.
During this operation, and as a result of the wind condition and of the pneumatic pressure under which the cement was being applied to the surface of the road, a thick cloud of cement dust and other materials arose which limited visibility to the point that the three employees working in close proximity could not see one another or the truck. During this operation, in some manner, the plaintiff came to be under the wheels of the truck and was thereby injured.
Plaintiff-appellant contends that the defendants are liable for his injuries for the following reasons: (1) That the hoses supplied by ATI were too long, thus making it necessary for Talley employees to drag the hoses alongside the moving truck with a length of rope to prevent them from becoming entangled in the wheels; (2) that the ATI driver, Huey A. Ardoin, failed to slow down or stop the truck which he was driving to compensate for a large quantity of dust generated by gusting wind at the time of the accident; (3) no one instructed plaintiff as to how to do his work.
Defendants specifically plead the defenses of assumption of risks and contributory negligence. In view of our findings that the plaintiff is guilty of contributory negligence we need not concern ourselves with the question of the negligence of the defendant.
Plaintiff and two fellow employees were walking beside the cement spreader truck and were pulling on a rope attached to the rubber hose to prevent it from passing beneath the wheels of the truck. Plaintiff was nearer to the truck than were his fellow employees. Cement dust surrounded plaintiff and his fellow employees and so obstructed their vision that they could not see one another or any part of the truck. Immediately prior to his injury, plaintiff released the rope and dropped back to the rear of the truck to see whether or not the spreader bar had become clogged. Finding that the spreader bar was working properly, plaintiff moved forward and re-entered the cloud of cement dust and while blindly groping around for the rope or hose fell beneath the wheels of the truck. Plaintiff does not recall what caused him to fall, whether he tripped on the rope or the hose. Plaintiff testified that he had closed his eyes because of the dust and that it was possible that he walked into the wheels of the truck while rubbing his eyes.
Jackie Herrington, job supervisor, testified that part of plaintiff’s duty was to stop the truck if he noticed the spreader bar was not operating properly, but that his principal duty was to hold onto the rope. If he could not see the spreader bar due to dust conditions he was to wait until the end of the run where the truck stopped to determine whether or not the spreader bar was operating properly. If the spreader bar was then found not to be operating properly, the truck would back up and reapply cement to the area missed. According to the testimony, the standard procedure for stopping the truck was to holler or otherwise divert the driver’s attention.
Contributory negligence envisions unreasonable conduct on plaintiff’s part in the face of known or reasonably foreseeable danger. Plaintiff is barred from recovery by policy of the law which refuses to allow him to shift to the defendant a loss for which his own unreasonable conduct is in part responsible. Laney v. Stubbs, 217 So.2d 468 (La.App. 1st Cir. 1968).
*378 We find that plaintiffs conduct was unreasonable in view of the foreseeable'risks involved. Plaintiff was contribu-torily negligent in re-entering the swirling cloud of dust and in blindly groping around for the rope or the hose. Under the .circumstances, the risk of being run over by the truck was foreseeable. Additionally, by his own admission, plaintiff probably closed his eyes and walked into the wheels of the truck. Plaintiff was also negligent in failing to heed the instructions of his supervisor concerning the correct procedure for checking the spreader bar, and also in his failure to alert the driver of the truck of his impending danger by yelling or otherwise attracting the driver’s attention. We find that plaintiff’s own unreasonable conduct is responsible for his injury.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be borne by plaintiff.
Affirmed.